1839.

Howe
v.
Harvey.

Order appealed from affirmed with costs.

---

### HOWE *vs.* HARVEY.

The residence of the complainant should be stated in his bill ; and if it is not stated therein the defendant may apply to the court and obtain an order that the complainant give security for costs.

Whether the defendant can demur upon the ground that the residence of the complainant is not stated in the bill, *quaere?*

THIS was an application for the appointment of a receiver upon an ordinary creditor's bill ; and the only question in the case was whether the bill was defective in not stating the residence and occupation of the complainant.

*Nov.* 19.

*J. Rhoades*, for the complainant.

*W. Silliman*, for the defendant.

THE CHANCELLOR. It appears to be laid down in all the books upon chancery pleading, that the residence or abode of the complainant should be stated in the bill ; though by the practice in this state a particular description of his calling, or business, does not appear to be necessary. The object of setting forth the residence of the complainant, is

stated to be, that the court, and the defendant in the suit, may know where to resort to compel obedience to any order or process of the court, and particularly for the payment of any costs which may be awarded against such complainant; or to punish him for any improper conduct in the course of the suit. (*Mitford*, 3d *Am. ed.* 43, 74. 1 *Mont. Pl. in Equity*, 76, *n.* 1 *Daniel's Ch. Pr.* 463. *Story's Eq. Pl.* 21, § 26.) And by the ancient practice of the court of chancery in England, it seems that if the residence of the complainant was not set out in the bill the defendants might demur; or, if untruly stated, that they might take advantage thereof by plea. In the first edition of Mitford's Pleadings in Equity, it is stated that a demurrer will lie where the residence of the complainant is not set out in the bill; but the statement appears to have been left out, by Lord Redesdale, in the subsequent editions of that work. And the modern practice appears to be, instead of demurring to the bill where the residence of the complainant is not stated, or of pleading the fact in abatement where his residence is not truly stated therein, to apply to the court for an order that the complainant give security for costs. (1 *Daniel's Ch. Pr.* 463. *Bailey* v. *Gundry*, 1 *Keen's Ch. Rep.* 53. *Sandys* v. *Long*, 2 *Myl. & Keen*, 487.) And such also appears to be the practice in the court of exchequer in England. (2 *Fowler's Exc. Pr.* 311.) Mr. Justice Story, in his treatise on equity pleading, (*Story's Eq. Pl.* 23, *n.* 2,) considers it a matter of doubt whether a demurrer to a bill will lie in such a case; although Mr. Daniel, the author of a recent work of much merit, upon the practice of the court of chancery in England, appears to think that where there is an entire omission to state the residence of the complainant, in the bill, the defendant may demur upon that ground. (1 *Daniel's Ch. Pr.* 463.)

It is unnecessary in this case to express an opinion upon the question, as to the form in which an objection of this kind should be made. But as it appears to be the settled practice of the court to require the complainant to state

his residence, in the bill, and there being no good reason why such practice should be departed from in this case, the application for the appointment of a receiver must be denied, with costs ; unless the complainant amend, his bill in that respect, within twenty days, or files a bond for costs, with two sufficient sureties, in the penalty of $250, within the same time ; and gives notice thereof to the defendant's solicitor.

If he does either, within the time specified, he may, upon filing an affidavit of the fact, have an order, in the common form, for a reference to a master in the county where the defendant resides, to appoint a receiver with the usual powers, &c. As this is a mere technical objection, and was probably interposed for the mere purpose of getting costs upon the motion, there being no pretence that the defendant is not well acquainted with the residence of the complainant, no costs are to be allowed to either party on this application.